# N. Y. COMMON PLEAS.

## HENRY MEIGS *et al.* agt. CHAS. FREMONT WILLIS, WILLIAM N. THOMPSON *et al.*

*Mortgage foreclosure — Questions which cannot be settled in, but must be tried by a jury.*

Where, in an action to foreclose a mortgage given by A., a denial is interposed by B., who is joined with A. as defendant, that his title or interest is subordinate to that of plaintiffs, as alleged, and he claims possession by a title paramount and adverse to them, the complaint should be dismissed as to B., as the right of possession between A. and B. cannot be settled in a foreclosure action, but must be tried by a jury.

*Special Term, March; 1884.*

THE plaintiffs brought this action to foreclose a mortgage given to them by defendant Willis, July 28, 1882, to secure the sum of $5,000. The complaint averred upon information and belief, that the defendant Thompson had or claimed to have some interest in or lien upon the mortgaged premises,

which interest or lien, if any, had accrued subsequently to the lien of said mortgage, or was subject thereto.

Thompson by his answer denied that his interest was subordinate to the plaintiffs or their mortgagor, and averred that he held and claimed possession of the premises by a title paramount and adverse to them. He asked for affirmative relief establishing his claim, and that the mortgage, which is a cloud upon his title, be surrendered and canceled of record.

At the opening of the case objection was made that by the pleadings an action in ejectment was presented which could only be tried by a jury.

The counsel for Thompson offered to waive this objection and proceed with the trial before the court. This proposition was not accepted by the defendant Willis.

Both parties then proved their chain of title, and the case was submitted after argument upon the pleadings and proofs.

*Alfred Roe*, for plaintiffs.

*William A. Beach*, for defendant Willis.

*John E. Parsons*, for defendant Thompson.

LARREMORE, *J.* — The only break that appeared in Thompson's title was the absence of a deed of the premises from Dudley Selden, the admitted fountain head of title, to Andrew McGown. But a recital of the existence of that deed is contained in the deed given by McGown to Patterson, March 1, 1828, and this, it is claimed, as to an ancient document, was sufficient notice within the rulings in *Carver* agt. *Jackson* (4 *Peters*, 83). No other proof was offered of the existence and loss of the deed, and it is at least a matter of serious doubt whether Willis, who does not claim under Patterson, and who is a stranger to his record title, is bound by it.

This question, however, is unimportant, in view of the ultimate disposition to be made of this case. The plaintiffs, as mortgagees, cannot maintain ejectment (*Code Civil Pro., sec.*

1498; *Holcomb* agt. *Holcomb*, 2 *Barb. S. C.*, 20). As between the defendants Willis and Thompson, the right of possession to the premises cannot be settled in this action, but must be tried by a jury. Even if this objection did not exist, the defendant Willis has no right to insist upon a final disposition of his claim, for it does not appear that a copy of his answer has been served upon the attorney for the defendant Thompson, in pursuance of section 521 of the Code of Civil Procedure.

Judgment is therefore ordered that as to the defendant Thompson the complaint be dismissed, and that as against the other defendants the plaintiffs are entitled to a foreclosure and sale of the mortgaged premises.